[Civ. No. 2402.    First Appellate District.—September 19, 1918.]

## J. H. WILHELM, Appellant, v. MAY J. ROBERTSON et al., Respondents.

DEED—DESCRIPTION — LOT NUMBERS AND BLOCK NUMBERS — FREEDOM FROM AMBIGUITY.—A deed conveying land, and describing it as "lot 18 as delineated" on a certain map, is not open to the objection that such description is patently ambiguous, where the map contains only one parcel designated with the single number "18," although it appeared from the same map that while a large tract had been divided into 33 lots or parcels, numbered consecutively from 1 to 33, many of these had been subdivided into smaller parcels or blocks containing 18 or more subdivisions consecutively numbered.

DEED OF TRUST AS SECURITY—NOTICE OF SALE—DEATH OF ONE TRUSTEE —SALE BY SURVIVING TRUSTEE.—Where one of two trustees in a deed of trust given as security for the payment of an indebtedness, died after notice of sale of the property described in the deed had been given by both trustees for default in payment (the trust deed containing a power of sale to the trustees or the survivor, in the event of default), his death in no manner affected the notice; the survivor had power to sell the property, and his deed to the purchaser was valid.

APPEAL from a judgment of the Superior Court of Marin County.    Edgar T. Zook, Judge.

The facts stated in the opinion of the court.

Keys & Harlan, for Appellant.

O. F. Meldon, for Respondents.

LENNON, P. J.—This is an action to quiet title to a certain parcel of land situated in the county of Marin.

The record discloses the following facts: On June 14, 1904, plaintiff purchased from the Tamalpais Land and Water Company a certain lot of land which is the subject of this controversy. On the twenty-fifth day of February, 1915, he executed a deed of trust, conveying the same to A. W. Foster, Jr., and M. T. Freitas, as security for the payment of a certain indebtedness referred to in the deed of trust. In this conveyance the plaintiff used precisely the same description

as that contained in the deed under which he acquired the property. Having failed to pay his indebtedness, one of the trustees, under the power conferred in the trust deed, sold the property in question to defendant May J. Robertson. Thereafter the plaintiff brought this action to quiet title to the property. Judgment went for defendants, and plaintiff appeals.

As ground for reversal it is the claim of plaintiff that certain deeds offered in evidence to defeat his title were inadmissible for that purpose, for the reason that the description of the property therein recited was ambiguous, and should not have been considered in establishing defendant's title. He further claims that the deed signed by one of the trustees which purported to convey this title to defendant, May J. Robertson, was void because of a lack of proper notice of sale.

Under the pleadings it was admitted that plaintiff was the owner and in possession of the property on the eighth day of June, 1915. For the purpose of identifying the property, and establishing his case, plaintiff at the trial introduced in evidence a map of the Tamalpais Land and Water Company from which it appears that the property described in the complaint is designated thereon by the figures "18." After the introduction of this map plaintiff testified that he had not conveyed the property, and rested his case. Thereupon the defendants, for the purpose of establishing their title, offered in evidence a deed of trust from plaintiff and his wife, as grantors, to A. W. Foster, Jr., and M. T. Freitas, given to secure a certain indebtedness. In this deed the property was described as lot (18) as delineated on the map referred to. For the purpose of explaining which lot 18 was meant by the description in the trust deed the defendants offered in evidence the deed from the Tamalpais Land and Water Company to plaintiff purporting to convey "Lot number eighteen (18)" as laid down on the company's map. Defendants also called the plaintiff, who testified that the parcel of land identified was the only land he owned in that vicinity. Defendants further offered in evidence a deed from M. T. Freitas, as surviving trustee under the trust deed, to defendant, May J. Robertson, being the deed under which defendants claim title, wherein the property conveyed is described in the same manner as in the conveyance from the company to plaintiff.

The introduction of these various deeds was objected to upon the ground that the description of the property contained therein was ambiguous, for the reason that the map referred to contained four different and distinct lots numbered 18, any one of which, it is claimed, fits the description in the several conveyances.

We are of the opinion that the deeds were properly admitted. From the map of the company, referred to in the several deeds, it appears that a large tract of land had been divided into thirty-three blocks or parcels numbered from 1 to 33, inclusive. Six of these parcels, viz., numbers 1, 2, 3, 4, 5, and 6, were again subdivided into smaller parcels containing eighteen or more small subdivisions, which are designated upon the map by consecutive numbers. Four of these blocks as subdivided contain a lot numbered "18." The remaining blocks up to and including block 18 are not so subdivided. It is under these conditions that plaintiff contends that the deeds mentioned were improperly introduced to defeat plaintiff's title, for the alleged reason that they all contain a description which is a perfect example of a patent ambiguity, and were, so plaintiff claims, wrongfully considered in establishing defendants' title to the property, and that the findings based thereon that the defendant is the owner are not supported by the evidence. It is conceded by respondents that where a description in a deed equally applies to two or more parcels there is a patent ambiguity; but, it is insisted, that the description here involved does not apply to any other lot shown on the map of the Tamalpais Land and Water Company, and we are of that opinion.

The map to which reference is made contains only one parcel of land designated as "18." The parcels which are subdivided into smaller lots or tracts, and which contain a lot or parcel designated by such number, bear the further and additional designation of the number of the larger parcels as subdivided. The tract in question is designated by the single number (18), and its description by such designation does not apply to any other lot upon the map. Aside from any other question, the description being sufficient to put plaintiff into possession, it ought to be sufficient to dispossess him.

The further contention that the deed purporting to convey title to respondent May J. Robertson is void for lack of proper notice is without merit. When plaintiff failed to pay

his indebtedness a notice of sale was given by both trustees. It is conceded that the notice up to this time was a proper one. Subsequent to the giving of the notice, however, but before sale, one of the trustees died, but the sale was made on the day so fixed, by the surviving trustee without further notice, and it is for this reason that the deed given thereunder is claimed to be void. The trust deed contained a specific covenant to the effect that in the event of default the trustees or the survivor of them might execute the trust and sell the property. The death of the cotrustee in no manner affected the notice, or prevented the survivor from executing the powers conferred upon him under the covenants of the deed.

For the reasons given the judgment is affirmed.

Beasly, J., *pro tem.*, and Sturtevant, J., *pro tem.*, concurred.